IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-00604-PX |
| JOHN DOE, subscriber assigned IP address 73.134.227.208 | * | |
| | * | |
| Defendant. | | |

*** 

### MEMORANDUM AND ORDER

On March 10, 2022, Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this copyright infringement action against pro se Defendant John Doe ("Doe").  ECF No. 1.  The Complaint alleges one count of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.  See *id*.  Strike 3 simultaneously moved *ex parte* for leave to serve a third-party subpoena (ECF No. 4), which this Court granted (ECF No. 6).  After the Court granted Strike 3's motion, Doe opposed the issuance of the subpoena (ECF No. 8), which the Court shall construe as a Motion to Quash Subpoena.  Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, and for the following reasons, the Court DENIES Doe's motion.

**I.     BACKGROUND**

The following factual allegations are taken from the Complaint and accepted as true.  Strike 3 is the owner of "critically acclaimed adult motion pictures."  ECF No. 1 ¶ 2.  In addition to its own subscription-based websites, Strike 3 distributes its films through DVD sales and licenses to major broadcasters.  *See id.* ¶¶ 3 & 13.  Strike 3 reports that its pornographic videos "are among the most pirated content in the world."  *Id.* ¶ 16.

Using a proprietary software called "VZN Scan," Strike 3 learned that Doe had

distributed at least 26 media files—which were identical or substantially similar to Strike 3's copyrighted films—on the BitTorrent network. ECF No. 1 ¶¶ 27–28, 37. Doe was able to mask his identity on BitTorrent, but Strike 3 has linked the conduct to Doe's Internet Protocol address ("IP address"), 73.134.227.208. *Id.* ¶¶ 5 & 12. Accordingly, Strike 3 moved for this Court to issue a subpoena to the Internet Service Provider ("ISP") associated with Doe's IP address. *See* ECF No. 4.

On March 28, 2022, the Court granted Strike 3's motion, noting that Doe would be afforded an opportunity to file a motion to quash. ECF No. 6 at 3. Through his "opposition" brief, Doe has essentially done so. *See generally* ECF No. 8. The Court addresses the substance of Doe's motion below.

## II.    ANALYSIS

The party moving to quash a subpoena bears the burden of proof to demonstrate that he is entitled to such relief. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019). "Under Federal Rule of Civil Procedure 45, a subpoena may be quashed if it (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond certain geographical limits, (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, No. 15-1042-TDC, 2016 WL 593502, at *1 (D. Md. Feb. 12, 2016) (citing Fed. R. Civ. P. 45(d)(3)); *see also Strike 3 Holdings, LLC v. Doe*, No. GJH-21-1558, 2022 WL 169698 (D. Md. Jan. 19, 2022).

Doe contends that the subpoena should be quashed because: (1) "the Complaint is not sufficiently pled to survive a motion to dismiss under Rule 12(b)(6)," (2) the requested expedited discovery would not uncover the identity of the infringer, and (3) the discovery could prejudice a

wrongfully named defendant.  ECF No. 8 at 3.  None of these arguments are availing.[1]

Doe first maintains that the Complaint would not survive a Rule 12(b)(6) motion to dismiss and, relatedly, that Strike 3 is merely using the subpoena to "unearth the factual basis for its claims."  ECF No. 8 at 5.  But in deciding that the subpoena shall issue, this Court was not "asked to pass judgment on the strength of [Strike 3's] allegations . . . but to determine whether [Strike 3] should have the opportunity to name [Doe] in the first place."  *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210 (D.C. Cir. 2020).  "[I]t is well-established that a plaintiff may bring a case against an unidentified defendant" if "the true identity of an unnamed party can be discovered through discovery . . . ."  *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *6 (D. Md. Dec. 16, 2014) (quoting *Schiff v. Kennedy*, 691 F.2d 196, 197–98 (4th Cir. 1982)).  The subpoena, therefore, was properly issued to ascertain the identity of the individual associated with the IP address that is connected to the BitTorrent conduct.  Doe's Rule 12(b)(6) argument does not carry the day.

Doe relatedly asserts that Strike 3's methods of identification are "historically unreliable" and that dynamic IP addresses, which are reassigned to new subscribers many times over, "create[] a significant opportunity for misidentification."  ECF No. 8 at 5–6.  But Doe never asserts that *this* IP address is a dynamic IP address, nor does he assert that he is not the true subscriber associated with the IP address listed in the Complaint.  *See generally* ECF No. 8.  And, in any event, "[t]he mere fact that discovery *may* demonstrate that the subscriber is not the proper defendant is no basis to close the courthouse doors before Strike 3 can step inside."  *Strike*

---

[1] Several other courts have considered and rejected these very arguments.  *See Strike 3 Holdings, LLC v. Doe*, No. 21-1243-MMH-MCR (M.D. Fla. Mar. 10, 2022) (collecting cases).  Doe's motion also relies on at least two district court cases that were subsequently reversed on appeal.  *See Strike 3 Holdings, LLC v. Doe*, No. 18-12585 (NLH/JS), 2019 WL 5446239 (D. N.J. Oct. 24, 2019), *rev'd,* No. 18-12585-NLH-JS, 2020 WL 3567282 (D. N.J. June 30, 2020); *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020).

*3*, 964 F.3d at 1212 (emphasis in original).

Of course, the Court recognizes the possibility that the alleged infringer may turn out to be a *user* of the stated IP address only, and not the *subscriber* identified by the ISP. But Doe's concerns of prejudice are alleviated by the existence of several procedural safeguards. *See Strike 3 Holdings, LLC v. Doe*, No. 19-2552 (LAK) (OTW), 2019 WL 1620692, at *2 (S.D.N.Y. April 16, 2019); *see also Strike 3 Holdings, LLC v. Doe*, No. 19-508-J-34JRK, 2019 WL 10787748, at *2 (M.D. Fla. May 23, 2019). In this Court's earlier Order, the Court explained that, if received, Strike 3 must mark Doe's identifying information as "Highly Confidential" and may only use such information to determine if "it has sufficient information to amend the complaint to name as an individual defendant the Subscriber." ECF No. 6 at 4. Strike 3 has affirmed that it understands the sensitive nature of this suit, has "put in place protocols" to protect Doe's information, and fully intends to comply with the protective order imposed by this Court. *See* ECF No. 11 at 2 & 7. Thus, the risk of Doe incurring undue burden and prejudice is minimal.

### III.   CONCLUSION

In sum, Doe has not satisfied his burden under Federal Rule of Civil Procedure 45 to demonstrate that the relevant subpoena should be quashed. Doe's motion is therefore DENIED. Accordingly, it is this 5th day of August 2022, ORDERED that:

1. Defendant John Doe's "Response in Opposition," which the Court construes as a Motion to Quash Subpoena (ECF No. 8), is DENIED; and
2. The Clerk is DIRECTED to MAIL and otherwise TRANSMIT copies of this Memorandum and Order to the parties.

August 5, 2022  
Date

/s/  
Paula Xinis  
United States District Judge